UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Debbie Hughey,<br><br>                Plaintiff,<br>v.<br><br>Regions Mortgage; Union Planters Bank, NA; Union Planters Mortgage; Regions Bank; Ms. M. Glass of Regions Bank; City of Mauldin, Building Code Enforcement Inspectors; Greenville Health System, GHS; Greenville Health System University Medical Center; Greenville Health System Board of Trustees;  Greenville Health System University Medical Center Board of Trustees; Ms. Delaine A. Frierson; State of South Carolina Human Affairs; Schmidt Mortgage Corp.; Vincent Schmidt; Pearce W. Fleming, Atty.; D. Randolph Whitt, Atty.; Fleming and Whitt Law Firm; Nathan Earle, Atty.; Temple, Mann, Brigg and Hill Law Firm; Beverly J. Finkel, Atty.; Finkel Law Firm, LLC; Eastwood Construction Comp.; Owner, CEO, & President of Eastwood Construction Comp.; John Doe #1 Shaw of Eastwood Construction Comp; John Doe #2 Fabin of Eastwood Construction Comp; John Doe #3 Supervisor of Eastwood Construction Comp; John Doe #4 Jesse of Schmidt Mortgage; US Court of Appeal; Court of Clerk of Appeal; HUD; Joe Brooks of HUD; Everette H. Babb, Esq.; Babb & Brown; Laurel Meadows Homeowners Association; John Doe #5 House Inspector and Inspector's Company; John Doe #6 Air Conditioner Company and Employees; John Doe #7 Plumbing and Heating Companies and Employees,<br><br>                Defendant(s). | C/A 6:09-02462-HFF-BHH<br><br><br>REPORT<br>AND<br>RECOMMENDATION |

      Debbie Hughey (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.* Under established local procedure in this judicial district, a careful review has

---

   *Pursuant to the provisions of  28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit

been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus,* 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

---

findings and recommendations to the District Court.

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

## DISCUSSION

Federal courts are courts of limited jurisdiction. "A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 531 (D.S.C. 1999). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155 (2000) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citation omitted).

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick,* 191 F.3d at 399 (citing *McNutt v. General*

3

*Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds for the court's jurisdiction, . . . ." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The complaint raises issues regarding a foreclosure of real property. Specifically, Plaintiff complains that her home was illegally sold because Regions Bank refused to credit at least $1000 to her mortgage. (Compl. at 4.) Plaintiff also complains of changes to her 30 year fixed rate mortgage, a lack of fiduciary duty, "shoddy" work on her house, a failure to investigate, and poor legal representation. (Compl. at 5.) Plaintiff's claims do not pose a federal question, so they cannot serve as the basis for federal jurisdiction. At most, Plaintiff's allegations possibly set forth causes of action based in state law. Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). However, because Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's potential state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for Plaintiff's possible state claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v.*

4

*Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). The complaint and addresses for defendants supplied by Plaintiff imply that Plaintiff and at least some defendants are citizens of the State of South Carolina. Accordingly, this Court has no diversity jurisdiction of this case because Plaintiff and some defendants are citizens of the State of South Carolina, which defeats the required complete diversity of parties. This case should be dismissed because complaint fails to allege facts establishing either federal question or diversity jurisdiction in this Court.

**RECOMMENDATION**

Accordingly, it is recommended that the District Judge dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 5, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).